# STATE OF FLORIDA v CORBITT

## Case No. 86-199434 TT A02, et seq.

County Court, Palm Beach County

November 2, 1989

### APPEARANCES OF COUNSEL

**Don Gallo,** Assistant State Attorney, for plaintiff.

**Richard Springer,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion for a new trial, and the Court having heard

testimony of witnesses, and argument of counsel, hereby denies the motion.

The grounds argued were that Deputy Golson, who testified regarding reverse extrapolation, lied when he said that he had passed a course given by Tom Carroll, the PBSO Chief Toxicologist. That this course was one of the underpinnings upon which his asserted expertise rested. Further, that the State violated the "Brady" rule by failing to inform the defense regarding this fact and the fact that Mr. Carroll did not recommend that Deputy Golson be utilized by the State as an expert witness, due to his failing of the above course. A further ground was raised during the hearing on the above motion. This ground was that Tom Carroll would have testified that Deputy Golson's testimony regarding reverse extrapolation was "preposterous" and incorrect.

This case was a close case that could have gone either way in the Court's view. Deputy Golson's testimony could very well have been critical to the outcome. Deputy Golson, in a very confident manner, testified that the Defendant's blood/alcohol level at the time he was driving would have had to have been .135% (.10% is the minimum level necessary to convict on the theory of unlawful blood/alcohol level).

Testimony from both Deputy Golson and Tom Carroll at the time of the motion hearing was that Deputy Golson didn't pass the course, (in the sense that he was not recommended as an expert to the State). However, the testimony was that the failure was a result of Deputy Golson having to leave the test early thus handing in an incomplete exam. Deputy Golson later (months after the above trial) took the exam over, this time completing it and thereby passing it whereupon he received Mr. Carroll's blessing. It was uncontradicted that Deputy Golson failed the exam because he had to leave the exam before finishing the test, not from any defect in his actual knowledge. Further, testimony revealed that in Deputy Golson's mind he had in fact originally passed the course, having received a certificate of completion.

The defense urges that since the trial occurred before the taking of the second exam, the testimony of Mr. Carroll that Deputy Golson had failed the course and was not recommended as an expert, would have made the difference between a conviction and an acquittal. This proposition is probably true, in the Court's view. However, that testimony, we now know, eight months later, would have been incomplete, leaving the false impression regarding the state of Deputy Golson's actual qualifications. The Deputy's purported failure was innocently explainable by his need to leave in the middle of the exam.

182

The fact that he passed the exam later, without taking any remedial instruction, and his later recommendation by Mr. Carroll, verify that he was a qualified expert at the time of the trial. It should be noted that Deputy Golson has had considerable experience in the area of breath testing and DUI going back 20 years which would have qualified him as an expert in the field without having taken the above course. Therefore, the newly discovered evidence regarding the Deputy's purported lying and lack of expertise, was not the whole story. The Court doesn't feel that a new trial can be based upon the discovery of new evidence that later proves to be faulty or incomplete.

In the Court's view, it cannot be said that an actual violation of the "Brady" rule occurs where the State fails to disclose some apparently exculpatory evidence which later turns out not to be exculpatory. Also, there is reason to believe that the defense had some knowledge regarding the, so-called, lack of qualifications of Deputy Golson prior to trial.

This leaves the Court with one last proposition with which to deal. That is, that Mr. Carroll would testify that the Deputy's testimony regarding the purported blood/alcohol level at the time of driving is preposterously incorrect. At the time of the trial the defense had Ira Karmelin, a well qualified and articulate expert in the same area of expertise, who testified that Deputy Golson was incorrect. For this reason, it cannot be said that the cumulative testimony of Tom Carroll is newly discovered evidence.

DONE AND ORDERED, in West Palm Beach, Florida, this 2nd day of November, 1989.